IN THE MATTER OF: ELSIE McMILLAN, SHELBY JANE
McMILLAN AND ABE McMILLAN, JUVENILES

No. 7416DC217

(Filed 5 June 1974)

**Infants § 10— undisciplined child — absence from school — instructions
from parents**

  Evidence that three children were absent from school on one occasion and that they were absent because they were obedient to express
  instructions from their parents was insufficient to support a finding
  that the children were "undisciplined" within the meaning of G.S.
  7A-278(5).

ON *Certiorari* to review orders of *Britt, Chief District
Judge,* entered at the 1 October 1973 Session of District Court
held in ROBESON County.

This juvenile proceeding was commenced by the filing of
a petition dated 18 September 1973, signed by a deputy sheriff
of Robeson County, in which the petitioner alleged that Elsie
McMillan, born 7 August 1958, Shelby Jane McMillan, born
1 October 1961, and Abe McMillan, born 6 March 1964, children
of Doug McMillan and Hattie Mae McMillan, were each "an
undisciplined child as defined by G.S. 7A-278(5), in that on or
about the 17th day of September, 1973, the child was unlawfully
absent from Prospect School." The petition prayed the court "to
hear the case to determine whether the allegations are true and
whether the child is in need of the care, protection or discipline
of the State." A hearing was held on the petition before Samuel
E. Britt, Chief District Judge, on 1 October 1973, at which time
the three children and their parents were present and the children were represented by counsel. Evidence in support of the
petition in substance showed the following:

Each of the three children is a student assigned to and
attending the Prospect School, a public school in Robeson
County which is under the supervision of the Robeson County
Board of Education. On 17 September 1973, a normal school
day, the three McMillan children, at the request and under instructions of their father, Doug McMillan, did not attend school.
Instead, they accompanied their father and other parents and
their children in going to the office of the Robeson County Board
of Education, where they remained from approximately 10:00
a.m. until approximately 3:30 p.m. The purpose of the visit was

to see the Superintendent of Schools to inquire into funds under the Indian Education Act. At approximately 3:30 the parents were arrested and taken to jail and the juveniles were taken into custody. The children were not excused from attending school by their principal or teacher.

On cross-examination by counsel for the children, the principal of Prospect School testified that he did not recall there had been any unexcused absence other than on the 17th of September on the part of the children and that none of the children had been a disciplinary problem in any way in the school. The children's father testified that during the time they were at the office of the Board of Education they were under his supervision, and that his children had never been a disciplinary problem to him in any way.

At the conclusion of the hearing, the District Judge entered a separate order as to each child, finding as a fact "[t]hat the child is an undisciplined child as alleged in the Petition in that on or about the 17th day of September 1973, the child was unlawfully absent from Prospect School." On this finding of fact, the court found each child to be "within the juvenile jurisdiction of the court as an undisciplined child" and ordered each child placed on probation for a period of two years under the supervision of the District Court Counselor in accordance with certain conditions of probation.

To these orders each of the children, through their attorney, gave notice of appeal. To permit perfection of the appeals, this Court subsequently granted their petition for writ of certiorari.

*Attorney General Robert Morgan by Associate Attorney William Woodward Webb and Assistant Attorney General Ann Reed for the State, appellee.*

*Rena K. Uviller, Philip A. Diehl and Norman Smith for appellants.*

PARKER, Judge.

The record does not reveal what conduct on the part of appellants' parents prompted the authorities to arrest the parents while they were at the County School Board office, and in this proceeding we are not concerned with any charge against the parents. We are here concerned only with the juvenile proceeding in which the children were found to be "undisciplined" children and in which the court ordered the children placed on

probation. The question for our decision is whether the evidence presented supports the court's finding and the orders entered thereon. We hold that it does not.

For purposes of Article 23 of G.S. Chapter 7A, entitled "Jurisdiction and Procedure Applicable to Children," and "undisciplined child" is defined by G.S. 7A-278 (5) as follows:

> " 'Undisciplined child' includes any child who is unlawfully absent from school, or who is regularly disobedient to his parents or guardian or custodian and beyond their disciplinary control, or who is regularly found in places where it is unlawful for a child to be, or who has run away from home."

In this proceeding no charge was made and no evidence was presented to show that any of the children here involved had ever been disobedient to their parents and beyond their disciplinary control, had ever been found in any place where it is unlawful for a child to be, or had ever run away from home. The sole charge against them is that they were "undisciplined" because they were unlawfully absent from school on 17 September 1973.

All of the evidence presented to support the single charge made against these children establishes that they were absent from school on only one occasion and that they were then absent only because they were obedient to express instructions from their parents. We hold this evidence insufficient to support the court's finding and adjudication that these children were "undisciplined" within the definition of G.S. 7A-278 (5). Among the purposes which our Legislature sought to accomplish by enactment of Article 23 of G.S. Chap. 7A, as stated in G.S. 7A-277, was "to strengthen the child's family relationships." When this and the other legislatively stated purposes are kept in mind, we cannot believe that the Legislature intended that G.S. 7A-278 (5) be so construed as to permit a child who, obedient to its parents' commands, is absent from school on one single occasion, to be adjudicated an "undisciplined child."

The orders appealed from, being unsupported by the evidence, are

Vacated.

Judges VAUGHN and CARSON concur.